UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:12-CR-00046-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY GLENN TOOHEY | ) | |
| | ) | |

This matter is before the court on defendant's 8 November 2013 motion to dismiss the indictment and his conviction and sentence for lack of subject matter jurisdiction. (DE # 76.)

In 2012, defendant pled guilty to identity theft and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 1028(a)(7); access device fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 1029(a)(2); aggravated identity theft in violation of 18 U.S.C. § 1028A; bank fraud in violation of 18 U.S.C. § 1344; and conspiracy to defraud the government with respect to claims in violation of 18 U.S.C. § 286. This court sentenced him to a total term of imprisonment of 125 months. Defendant appealed, and the Fourth Circuit Court of Appeals dismissed the appeal based on the appellate waiver in defendant's plea agreement. (DE # 73.)

By way of the instant motion, defendant essentially contends that his conviction and sentence are invalid because the government did not own the land on which the offenses occurred or where he was arrested. (See Mot., DE # 76, at 3.) Setting aside the issue of whether defendant should have raised the issue of jurisdiction in a pretrial motion and/or on direct appeal, see Markham v. United States, 215 F.2d 56, 57 (4th Cir. 1954) ("If there was any question as to whether the crime was committed within the jurisdiction of the court, this should have been raised upon the trial and decided there. In the absence of exceptional circumstances, . . . it may

not be raised by motion under 28 U.S.C. § 2255 . . . ." (citation omitted)), the court concludes that defendant's jurisdictional challenge is meritless.

The issue defendant raises is not one of subject matter jurisdiction, as the jurisdiction of the district courts extends to "all offenses against the laws of the United States," 18 U.S.C. § 3231, and the criminal information to which defendant pled guilty properly charges offenses against the laws of the United States. Rather, defendant's challenge goes to the "jurisdictional element" of his offenses. "A jurisdictional element of a federal offense states the basis of Congress' power to regulate the conduct at issue: its 'primary purpose is to identify the factor that makes the [conduct] an appropriate subject for federal concern.'" United States v. Cooper, 482 F.3d 658, 664 (4th Cir. 2007) (citation omitted). To be sure, some offenses require that, to constitute a federal crime, the offending conduct occur within the special maritime and territorial jurisdiction of the United States, see, e.g., 18 U.S.C. § 1111 (murder), which jurisdiction includes land acquired by the federal government, id. § 7(3) ("special maritime and territorial jurisdiction of the United States includes "[a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof"). However, none of the offenses of which defendant was convicted has that jurisdictional element. The jurisdictional element of defendant's offenses of conviction is either interstate commerce, a federally insured financial institution, or presentment of a claim for payment to the federal government. See 18 U.S.C. §§ 286, 1028(c)(3)(A), 1028A(c)(4), 1029(a)(2), 1344. Therefore, the geographical location where defendant's arrest and his offenses of conviction occurred is irrelevant.

2

Case 4:12-cr-00046-BR   Document 78   Filed 02/05/14   Page 2 of 3

Defendant's motion to dismiss is DENIED.

This 5 February 2014.

                                                   W. Earl Britt
                                                   Senior U.S. District Judge