UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-46-BR
No. 4:15-CV-3-BR

JEFFREY GLENN TOOHEY,       )
                 Petitioner,       )
                                   )
    v.                             )          O R D E R
                                   )
UNITED STATES OF AMERICA,          )
                 Respondent.       )

This matter is before the court on the government's motion to dismiss petitioner's 28

U.S.C. § 2255 motion.   (DE # 90.)

In June 2012, petitioner pled guilty to one count of identity theft and aiding and abetting

the same in violation of 18 U.S.C. §§ 2 and 1028(a)(7); one count of access device fraud and aiding

and abetting the same in violation of 18 U.S.C. §§ 2 and 1029(a)(2); two counts of aggravated

identity theft in violation of 18 U.S.C. § 1028A; one count of bank fraud in violation of 18 U.S.C.

§ 1344; and one count of conspiracy to present false claims in violation of 18 U.S.C. § 286.   In

October 2012, the court sentenced petitioner to a total term of 125 months imprisonment.

Petitioner appealed his sentence.   The Fourth Circuit Court of Appeals dismissed the appeal based

on the appellate waiver contained in petitioner's plea agreement.   (DE # 73.)   Petitioner then

filed a petition for a writ of certiorari, which the Court denied on 15 April 2013.   Toohey v.

United States, No. 12-9332 (U.S.).

In January 2015, petitioner filed his § 2255 motion.   (DE # 88.)   Upon initial review, the

court directed the government to file an answer or other appropriate response.   (DE # 89.)   The

government filed the instant motion.   Petitioner filed an objection to the motion.[1]   (DE # 94.)

_____

[1] The first objection petitioner filed, (DE # 93), does not contain a certificate of service.   The objections are

The government requests that petitioner's § 2255 motion be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if 'it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Ashann-Ra v. United States, Nos. 5:96-CR-39-BR, 5:08-CV-302-BR, 2009 WL 3448431, at *3 (E.D.N.C. Oct. 26, 2009) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In his § 2255 motion, petitioner asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) the court's purportedly erroneous consecutive 24-month sentences for aggravated identity theft; (3) the court's finding petitioner guilty of 18 U.S.C. § 287, "a statute for which he was never charged and did not plead guilty to"; (4) ineffective assistance of appellate counsel; and, (5) prosecutorial misconduct. (Mot., DE # 88, at 5, 7, 9, 12, 13.)[2] The government contends that petitioner's motion should be dismissed as untimely.

A § 2255 petitioner generally has one year from the date his conviction became final within which to file a motion to vacate. See 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on 15 April 2013, when the Supreme Court denied his petition for a writ of certiorari, see Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (citations omitted)), but he filed his § 2255 motion more than one year after that date.

Section 2255's limitations period may be equitably tolled.

Equitable tolling of petitions for collateral review is available only when a

---

identical in all substantive aspects.
[2]Page citations are to those generated by cm/ecf.

defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Under this court's precedent, equitable tolling is appropriate in those "rare instances where— due to circumstances external to the party's own conduct— it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

Whiteside v. United States, 775 F.3d 180, 184-85 (4th Cir. 2014) (citations omitted).

Paragraph 18 of the § 2255 form motion requires a petitioner whose conviction became final more than one year prior to filing to explain why § 2255's one-year limitations period does not bar the motion. Petitioner responded as follows:

> THE PETITIONER HAS SUFFERED AN IMPEDIMENT TO FILING THIS MOTION WITHIN THE ONE-YEAR PERIOD AFTER HIS CONVICTION BECAME FINAL DUE TO GOVERNMENTAL ACTIONS. NAMELY, THE FEDERAL BUREAU OF PRISONS IS IN POSSESSION OF HIS LEGAL MATERIALS BECAUSE HE IS IN THE BUREAU'S CUSTODY AND NOT PERMITTED BY REGULATION TO POSSESS COMPUTER DISKS ON WHICH HIS DISCOVERY IS CONTAINED. PETITIONER WAS HOUSED AT FCI WILLIAMSBURG, SC DURING THE ONE-YEAR PERIOD AFTER HIS FINAL JUDGMENT AND WAS NOT PERMITTED TO VIEW HIS LEGAL MATERIALS PRIOR TO BEING HOUSED IN THE SPECIAL HOUSING UNIT [("SHU")] IN ADMINISTRATIVE SEGREGATION UNDER INVESTIGATION. PETITIONER WAS NOT CHARGED WITH ANY WRONGDOING AND WAS TRANSFERRED TO FCI EDGEFIELD, SC ARRIVING ON JULY 9, 2014. THERE WAS A DELAY IN RECEIVING HIS PROPERTY CONTAINING HIS LEGAL MATERIALS UNTIL AUGUST 2014 CAUSED BY THE GOVERNMENT. AFTER PETITIONER'S LEGAL MATERIALS ARRIVED, PETITIONER'S HOUSING UNIT MANAGER MADE ARRANGEMENTS STARTING IN OCTOBER 2014 FOR PETITIONER TO VIEW HIS LEGAL MATERIALS. SEE AFFIDAVIT ATTACHED AS EXHIBIT 1.

(Mot., DE # 88, at 15-16.) Exhibit 1 is a memorandum from petitioner's Unit Manager at FCI Edgefield. It indicates that while petitioner was housed in the SHU at FCI Williamsburg, petitioner "had limited access to court related material while housed in this status." (DE # 88-1.) It further explains that in October 2014, after his transfer to FCI Edgefield, Unit staff received CD's which contain petitioner's court-related materials. (Id.) Petitioner has had limited access

3

to the CD's based on Unit staff's availability to supervise petitioner while he reviews the materials. (Id.)

The court finds that these circumstances do not warrant equitably tolling of § 2255's limitations period. Being housed in the SHU alone is not a ground for equitable tolling, see Tores-Flores v. United States, Nos. 7:10-CR-70-FL-2, 7:10-CV-76-FL, 2015 WL 331701, at *9 (E.D.N.C. Jan. 23, 2015) (collecting cases), nor is the fact that petitioner may have had limited access to his discovery materials. As the government points out, petitioner was not placed in the SHU until 4 February 2014. (Mem., DE # 91, at 5; Mot., DE # 80, at 1.) During the nearly 10-month period between the start of the limitations period and petitioner's placement in the SHU, petitioner filed a motion to dismiss the indictment and his conviction and sentence, which was typewritten and contained citations to multiple legal authorities. (See DE # 76.) As evidenced by this filing, petitioner had some access to case-related and legal materials. Even if that access was significantly limited, and even if it was throughout the limitations period, "[r]eliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling." United States v. Berry, No. 3:09cr00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (citing Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Studevant v. Clarke, No. 1:11cv1242, 2012 U.S. Dist. LEXIS 73454, 2012 WL 1901288, at *4 (E.D. Va. May 24, 2012); Allen v. Johnson, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009); Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y.2005)).

Furthermore, it is discovery materials to which petitioner emphasizes he did not have full access. It is not evident how limited access to discovery prevented petitioner from timely setting forth the factual predicate for the grounds of his § 2255 motion. For example, in his first ground for relief, petitioner contends that counsel was ineffective for failing "to address the court concerning the application notes under [U.S.S.G.] § 5G1.2 subsequently causing the petitioner to

4

be sentenced to consecutive terms in prison." (Mot., DE # 88, at 5 (case emphasis removed); see also Mem., DE # 83, at 4-8.) U.S.S.G. § 5G1.2 (2011) and its application note 2(B) pertain to the imposition of consecutive terms of imprisonment for multiple convictions under 18 U.S.C. § 1028A, like petitioner had. The application note specifically guides the court in its consideration of whether the sentences on multiple convictions of § 1028A should run concurrently with, or consecutively to, each other. U.S.S.G. § 5G1., comment. (n. 2(B)(i)-(iii)) (2011). Petitioner did not need any information contained in discovery materials to assert a § 2255 challenge to his sentence based on this ground. As another example, petitioner claims that the prosecutor engaged in misconduct by (1) recommending consecutive sentences while also recommending a sentence at the bottom of the guideline range; (2) failing to address the court concerning petitioner's conviction and sentence for a crime with which he was not charged; (3) allowing petitioner to receive a 10-point enhancement for a crime with which he was not convicted; (4) adding unnamed victims and monetary amounts to the presentence report ("PSR") to increase petitioner's offense level; and, (5) claiming the focus of petitioner's identity theft was on military victims when no military members were named in court or in the PSR. (Mot., DE # 88, at 13.) Again, this ground for relief is not dependent on information contained in discovery materials produced in petitioner's criminal case.

In sum, the court concludes that petitioner has not made a sufficient showing to warrant equitable tolling of § 2255's limitation period, and his § 2255 motion is untimely.

Based on the foregoing, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules

Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 12 June 2015.

_____
W. Earl Britt
Senior U.S. District Judge